**DE LUXE THEATRE CORP. v. BALA-BAN & KATZ CORP. et al.**

No. 47 C 889.

United States District Court,
N. D. Illinois E. D.

March 12, 1951.

984

Goldberg, Devoe & Brussell, John Mulder and Francis Cuneo, all of Chicago, Ill., for plaintiff.

Poppenhusen, Johnston, Thompson & Raymond, Mayer, Meyer, Austrian & Platt, and Matthews & Springer, all of Chicago, Ill., for defendants.

CAMPBELL, District Judge.

Plaintiff brings this action, seeking damages and injunctive relief, for alleged violations by defendants of Sections 1 and 2 of the Sherman Anti-Trust Act, 15 U.S.C.A. §§ 1, 2. Plaintiff, a so-called neighborhood movie house, charges, among other things, in its complaint that the defendants violated the Act by engaging in such practices as block booking; forcing of short subjects and news reels; arbitrary designation of play dates; protection and clearance; arbitrary, unconscionable and discriminatory film rentals; and minimum admission prices. Upon motion of certain defendants, Paragraphs 24 and 25 of the complaint were stricken by the Court. See De Luxe Theatre Corp. v. Balaban & Katz Corp., D.C., 88 F.Supp. 311. Subsequently, plaintiff amended its complaint by filing new Paragraphs 24 and 25, which paragraphs all defendants now move to strike. The subject paragraphs contain the following allegations:

"24. On July 20, 1938, the United States of America filed a suit in equity in the District Court of the United States for the Southern District of New York in cause numbered Equity No. 87–273, entitled 'United States of America, Plaintiff, v. Paramount Pictures, Inc., et al, Defendants', charging the defendants or their privies, except defendant Balaban and Katz Corporation, in substance with the same violations of Sections 1 and 2 of the Sherman Anti-Trust Act as are charged in this complaint against the same defendants or their privies. On October 8, 1945, said case proceeded to trial before a three-judge statutory court and evidence was taken therein until November 20, 1945. On June 11, 1946, said three-judge court filed its memorandum opinion, as reported at, D.C., 66 F.Supp. 323, and on December 31, 1946, said court issued its Findings of Fact, Conclusions of Law and Decree, as reported at D.C., 70 F.Supp. 53. On May 3, 1948, the United States Supreme Court affirmed in part and reversed in part said Decree of the United States District Court for the Southern District of New York, its decision being reported

at 334 U.S. 131, 68 S.Ct. 915, 92 L.Ed. 1260. On June 2, 1948, the United States Supreme Court entered its mandate in accordance with its said Opinion, in part affirming and in part reversing said Decree and remanding the case to said District Court for further proceedings in conformity with its Opinion. On June 25, 1948, the United States District Court of New York entered an order making the Mandate and Decree of the United States Supreme Court its order and judgment."

"25. On November 8, 1948, the United States of America and defendants Radio-Keith-Orpheum Corporation, RKO Radio Pictures, Inc., and Radio Keith Orpheum Mid-West Corporation consented to the entry of a decree in said Equity No. 87-273 as to said defendants, a copy of which decree is reported at Paragraph 62,335 of CCH Trade Reg. Rep. On May 3, 1949, testimony having been taken in said cause after its remand by the United States Supreme Court, the United States of America and defendants Paramount Pictures, Inc. and Paramount Film Distributing Corporation consented to the entry of a decree in said Equity No. 87-273 as to said defendants, a copy of which decree is reported at Paragraph 62,377 of CCH Trade Reg. Rep. On July 25, 1949, after having received additional evidence and heard further arguments, said three-judge statutory court rendered its Opinion, said Opinion being reported at, D.C., 85 F. Supp. 881, and subsequently filed its Findings of Fact and Conclusions of Law in accordance with said Opinion. On February 8, 1950, said court entered its Final Decree in said Equity No. 87-273 as to defendants Columbia Pictures Corporation, Universal Corporation, United Artists Corporation, Screen Gems, Inc., Universal Pictures Company, Inc., Universal Film Exchanges, Inc., and Big U Film Exchange, Inc., a copy of which Final Decree is reported at Paragraph 62,573 of CCH Trade Reg. Rep. On February 8, 1950, said court entered its Final Decree in said Equity No. 87-273 as to defendants Loew's, Incorporated, Twentieth Century-Fox Film Corporation, Warner Bros. Pictures, Inc., Warner Bros. Pictures Distributing Corporation (formerly known as Vitagraph, Inc.), Warner Bros. Circuit Management Corporation and National Theaters Corporation, a copy of which Final Decree is reported at Paragraph 62,573 of CCH Trade Reg. Rep. Plaintiff states the final adjudications heretofore alleged in this paragraph conclusively determine the issues in this complaint in favor of the plaintiff as to defendants therein involved and their privies and that said defendants are estopped from relitigating any of the issues so previously adjudicated".

It should be noted that, since the filing of the instant motion, the United States Supreme Court affirmed the decision of the three-judge court as to the Loew's-Warner-Fox bloc, See 339 U.S. 974, 70 S.Ct. 1031. The appeal time has passed for the United Artists-Columbia-Universal bloc.

Defendants' motion to strike is based on the following grounds: (1) Certain defendants consented to the entry of decrees upon remand to the three-judge court—The RKO bloc before evidence of any kind was heard, and the Paramount bloc before any testimony was heard. They contend, therefore, that they come within the proviso of Section 5 of the Clayton Act, 15 U.S.C.A. § 16; (2) Plaintiff is not entitled, under any circumstances, to relate the entire history of the litigation, i. e., the complaint, the taking of testimony, the original decree, the appeal, the remand, etc.; (3) The New York case did not litigate any of the issues involved here, i. e., that case was concerned with a nation-wide conspiracy and not with the local problem or so-called "Chicago System" alleged in the present complaint.

The Court is of the opinion that the amended portions of the complaint should be stricken, not specifically for the reasons asserted by the defendants, but rather on more modified grounds.

■ It appears that defendants are not entitled to rely upon the protection of

Section 5 of the Clayton Act which provides that a final decree rendered in a proceeding brought by the United States shall be prima facie evidence in a suit subsequently brought by any other party, except where a consent decree is entered before any testimony has been taken. In the New York case a trial was had and, upon appeal, the Supreme Court affirmed in part and reversed in part and remanded the cause, 334 U.S. 131, 68 S.Ct. 915, 92 L.Ed. 1260. However, it should be noted that it was remanded for further proceedings and not for a new trial. In actuality, therefore, there was not a trial de novo, but rather a continuation of the previous trial, where certainly considerable testimony had been heard. The clear purpose of Section 5 is to induce defendants in actions of that type to submit to prompt capitulation, and it cannot logically be contended here that the consenting defendants promptly capitulated.

The Court does not believe, however, that plaintiff should be permitted to rely on the New York case, either in its pleadings or its evidence, more extensively than to cite the entry of the decree and the acts enjoined thereunder. True, in conducting the trial the Court can exclude extraneous matters both in the presentation of evidence and in its own summation of the pleadings, but the better practice is to obviate the necessity of such trial administration by eliminating these matters in advance of trial.

The Court is unable to agree with defendants' contention that, since the New York case was concerned with a nationwide conspiracy, the decrees entered therein should not be available to a plaintiff alleging merely a local conspiracy. The previous decrees should be available to the plaintiff to show the existence of a conspiracy and the violation of the public interest. Obviously, it is incumbent upon the plaintiff to demonstrate the impact of that conspiracy upon plaintiff in the local sphere, but this does not mean that, in the prior case, the government was obliged to litigate all the issues that might arise

in any given locality. The case of *Emich Motors Corp. v. General Motors Corp.*, 71 S.Ct. 408, 415, is illustrative of this point. In that instance, there had been a prosecution by the government for a nationwide conspiracy to violate the anti-trust laws, but, in the subsequent private litigation, the plaintiff was not prohibited from introducing the criminal judgment as prima facie evidence. The Supreme Court stated: "We are, therefore, of opinion that the criminal judgment was prima facie evidence of the general conspiracy for the purpose of monopolizing the financing of General Motors cars, and also of its effectuation by coercing General Motors dealers to use GMAC. To establish their prima facie case it therefore was necessary for petitioners only to introduce, in addition to the criminal judgment, evidence of the impact of the conspiracy on them, such as the cancellation of their franchises and the purpose of General Motors in cancelling them, and evidence of any resulting damages. * * *"

The last sentence of Paragraph 25 of the amendment is clearly a misstatement of the law. Plaintiff alleges that the previous final adjudications conclusively determine the issues of this complaint in favor of plaintiff and that defendants are estopped from relitigating any of the issues previously litigated. Section 5 of the Clayton Act states merely: "A final judgment or decree rendered in any criminal prosecution or in any suit or proceeding in equity brought by or on behalf of the United States under the antitrust laws to the effect that a defendant has violated said laws shall be prima facie evidence against such defendant in any suit or proceeding brought by any other party against such defendant under said laws as to all matters respecting which said judgment or decree would be an estoppel as between the parties thereto: * * *." Plainly, this language is a far cry from plaintiff's allegation that the previous adjudications conclusively determine the present issues, and requires no further comment by the Court. For the foregoing

reasons, defendants' motion to strike amended Paragraphs 24 and 25 of the complaint is granted, and the same are hereby accordingly stricken. Leave to plaintiff to amend its complaint, within 20 days hereof, in accordance with the views expressed in this memorandum.