Per Curiam.
 

 On April 11, 1962, petitioner pleaded not guilty to federal narcotics charges; thereafter, on July 18, 1962, he was permitted to withdraw this plea and plead guilty; in November 1962, when the case came on for sentencing, he moved to withdraw his guilty plea because of facts and circumstances which had changed since the time of the plea, including petitioner’s extensive cooperation with the Government. The Government acquiesced in this motion, but the district judge denied it, holding that he had no power to permit withdrawal of the plea on such grounds. The court sentenced petitioner to the minimum statutory term of imprisonment and the Court of Appeals affirmed the conviction, 323 F. 2d 936.
 

 The Government now says that it consented to petitioner’s motion to withdraw his plea because it “planned to dismiss the pending indictment against petitioner and substitute lesser charges.” The Government admits that this purpose was not expressly stated and that “it may be that the court was misled.”
 

 
 *399
 
 In these circumstances, we believe that the court has discretion to permit withdrawal of the plea. See
 
 Kercheval
 
 v.
 
 United States,
 
 274 U. S. 220, 224 (1927). Accordingly, we grant the petition for certiorari, vacate the judgment of the Court of Appeals and remand the case to the District Court for further proceedings in conformity with this opinion.