### UNITED STATES of America

### v.

### Edward FINA, Francis Fina, Nicholas Lapentina, Samuel Pacelli, Vito Dienno, Michael Del Corio, Joseph Bocchino and Charles Ferraro.

### Cr. No. 22970.

United States District Court
E. D. Pennsylvania.
Sept. 18, 1968.

Drew J. T. O'Keefe, U. S. Atty., Austin L. Hogan, Jr., Asst. U. S. Atty., Philadelphia, Pa., for plaintiff.

Daniel J. DiGiacomo, Robert C. Duffy, John A. Papola, Philadelphia, Pa., for defendants.

### MEMORANDUM OPINION

WEINER, District Judge.

Defendants were indicted for failure to pay the excise tax on wagering and the occupational tax imposed and for conspiracy to defraud the Government by evading payment of both taxes. De-

---

11. No Tennessee case has been discovered where no fee at all was allowed.

fendants were subsequently arraigned and entered a plea of not guilty. The trial of the case was set for January 9, 1968, at which time the defendants entered a plea of guilty and we ordered a presentence investigation. On January 29, 1968, the Supreme Court in Marchetti v. United States, 390 U.S. 39, 88 S.Ct. 697, 19 L.Ed.2d 889 and Grosso v. United States, 390 U.S. 62, 88 S.Ct. 716, 19 L.Ed.2d 906 reversed convictions based on similiar charges. The Supreme Court held that the requirement compelling defendants to register and pay the same special occupational tax on wagering violated defendants' rights against self-incrimination inherent in the Fifth Amendment. The defendants immediately filed a motion to withdraw their plea of guilty under Rule 32(d) of the Federal Rules of Criminal Procedure.

Rule 32(d), withdrawal of plea of not guilty states:

> "A motion to withdraw a plea of guilty or of *nolo contendere* may be made only before sentence is imposed or imposition of sentence is suspended; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his plea".

 Under Rule 32(d), there is no time limit on a motion to withdraw a guilty plea. United States v. Washington, 341 F.2d 277, 281, 9 A.L.R.3d 448, (3d Cir. 1965), cert. denied, sub nom., De Gregory v. United States, 382 U.S. 850, 86 S.Ct. 96, 15 L.Ed.2d 89 (1965). However, as the rule implies, there is a different standard for granting the motion prior to sentencing as compared to the "manifest injustice" guide after sentencing. As Judge Haynsworth states in United States v. Roland, 318 F.2d 406, 409 (4th Cir. 1963):

> "Such motions before sentence should be allowed with great liberality, but after judgment and the imposition of the sentence, the Rule gives the Court the power to grant such a motion if such action appears to be necessary 'to correct manifest injustice' ".

The same rule has been implemented in this district. United States v. Boyance, 258 F.Supp. 935 (E.D.Pa.1966). Accord, Jones v. Eyman, 353 F.2d 528 (9th Cir. 1965); Poole v. United States, 102 U.S. App.D.C. 71, 250 F.2d 396 (1958). In light of the cases which clearly indicate that a withdrawal prior to sentencing should be freely allowed and considering the facts presented before us, the defendants' motion to withdraw their guilty pleas is granted.