**David Alex BURNETT, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 10058.**

United States Court of Appeals
Tenth Circuit.

Dec. 2, 1968.

Jon C. Christlieb, Kansas City, Kan., for appellant.

Thomas E. Joyce, Asst. U. S. Atty. (Benjamin E. Franklin, U. S. Atty., with him on brief) for appellee.

Before LEWIS, SETH and HICKEY, Circuit Judges.

LEWIS, Circuit Judge.

This is an appeal from an order of the United States District Court for the District of Kansas denying appellant David Alex Burnett's motion to withdraw his pleas of guilty. The motion was made prior to imposition of sentence. Rule 32(d), Fed.R.Crim.R. Appellant now stands convicted and sentenced upon counts one and two of a four-count information charging the unlawful transportation in interstate commerce of forged securities in violation of 18 U.S.C. § 2314. Counts three and four were dismissed by the government after acceptance by the trial court of the subject pleas to the first two counts.

One who enters a guilty plea has no right to withdraw such plea and it lies within the sound discretion of the trial court to determine what circumstances justify the granting of a motion to withdraw the plea. Miles v. United States, 10 Cir., 385 F.2d 541; Kienlen v. United States, 10 Cir., 379 F.2d 20;

Callaway v. United States, 10 Cir., 367 F.2d 140. Obviously the motion should receive the utmost consideration when, as here, it is presented before the imposition of sentence. The trial court accorded that consideration to appellant on four separate occasions during which appellant was at all times represented by competent counsel.

At his first appearance before the court on February 9, 1968, appellant entered a plea of guilty to each of the four counts; however, the court when advising appellant of the potential consequences of such pleas noted an affirmative response to a court inquiry as to whether anyone had "held out to you any idea that you might receive a lesser punishment because you pled guilty than you would receive if you should stand trial and be convicted." Appellant indicated that agents of the FBI had made such suggestion to him. The court ordered that pleas of not guilty be entered and that an investigation would be held. The court then interrogated the officers who replied that appellant had been promised nothing.

On February 16, 1968, appellant again appeared before the court and this time requested that pleas of guilty to counts one and two be entered. The court again extensively interrogated the appellant as to the motivation of the pleas and advised him as to the consequences of the pleas. Appellant unequivocally responded that he was in fact guilty and that he understood the pleas would in no way result in lesser punishment. The court accepted the pleas and ordered a presentence report.

On March 8, 1968, appellant made his third appearance before the court at which time his appointed counsel, Mr. McConwell, filed a motion to withdraw as counsel and a motion on behalf of the appellant to withdraw his previous pleas of guilty to counts one and two. The basis of Mr. McConwell's motion for leave to withdraw was that appellant had lost faith in his ability due to alleged statements made by an FBI agent to appellant that Mr. McConwell had never handled a federal case and had wrongfully communicated with the prosecutor at the beginning of the case. The FBI agent admitted that he had talked to appellant about an entirely different matter but denied that he made the alleged statements referred to above. The court, stating that it did not believe that the FBI agent made the statements which appellant attributed to the agent nevertheless and because of its belief that the "relationship between attorney and client should be one of absolute trust," relieved Mr. McConwell from further representation and appointed present counsel to represent appellant. The motion to withdraw pleas was founded on appellant's contention that his former attorney, Mr. McConwell, had told him that if he pleaded guilty to counts one and two that counts three and four would be dropped; however, after discussing the matter with his newly appointed attorney appellant under oath testified that the request to withdraw his pleas of guilty was based on the fact that he thought Mr. McConwell had sold him out and not because he was not guilty and that he still wanted to plead guilty to counts one and two. Accordingly appellant withdrew his motion to withdraw his pleas of guilty. The court again deferred sentencing pending the pre-sentence investigation.

Finally, on March 28, 1968, the day before the date set for imposition of sentence, appellant again filed a motion to withdraw his pleas of guilty and for the first time asserted that he was innocent of the charges. The court conducted an evidentiary hearing, rejected appellant's testimony as totally incredible, and denied the motion to withdraw his pleas. Sentence was then imposed on counts one and two and counts three and four were dismissed.[1]

We certainly find no abuse of discretion in the trial court's ruling. Rather

---

1. Whereupon appellant reached in his pocket and produced a motion to vacate sentence under 28 U.S.C. § 2255.

we see a patient and conscientious judge who accorded appellant every consideration despite appellant's continual disregard for the truth and his attempts to mock the administration of justice.

Affirmed.