**UNITED STATES of America, Appellee,**

v.

**William Milton CARDEN, Appellant.**

**No. 78–5197.**

United States Court of Appeals,
Fourth Circuit.

Argued March 9, 1979.

Decided June 20, 1979.

H. Marshall Simpson, Greensboro, N.C. (Booth, Fish, Simpson, Harrison & Hall, Greensboro, N.C., on brief), for appellant.

David B. Smith, Asst. U.S. Atty. (H. M. Michaux, Jr., U.S. Atty., Durham, N.C., on brief), for appellee.

Before BUTZNER and RUSSELL, Circuit Judges, and ROBERT R. MERHIGE, Jr., United States District Judge for the Eastern District of Virginia, sitting by designation.

PER CURIAM:

Upon a plea of guilty, William Milton Carden was convicted of committing bank

robbery in violation of 18 U.S.C. § 2113(a). The sole issue raised on appeal is whether the district court erred in denying Carden's motion to withdraw his guilty plea.

On October 25, 1977, Carden withdrew a prior plea of not guilty and pleaded guilty to the offense of bank robbery. Pursuant to 18 U.S.C. §§ 4205(c) and (d), he was tentatively sentenced to the maximum term of 20 years and was committed to the custody of the Attorney General for a period of observation and study. On April 3, 1978, when Carden was returned to the court for resentencing, he filed a motion to withdraw his guilty plea. The district court conducted an evidentiary hearing on April 7, 1978, and subsequently denied the motion. Carden's sentence was reduced to a term of 15 years with credit given for time served.

A preliminary question arises whether the presentence "fair and just" standard or the post-sentence "manifest injustice" standard should apply to the withdrawal of a guilty plea in the context of § 4205(c) sentencing.* Rule 32(d) of the Federal Rules of Criminal Procedure requires that a motion to withdraw a guilty plea be made before sentence is imposed. We have held that before sentencing a trial court may allow withdrawal of a plea for any fair and just reason, and that ordinarily such a motion to withdraw should be allowed. *United States v. Truglio*, 493 F.2d 574, 578 (4th Cir. 1974); *United States v. Tabory*, 462 F.2d 352, 354 (4th Cir. 1972). When the government has been prejudiced by reliance on the defendant's plea, however, the trial court must weigh the accused's reasons for changing his plea against the prejudice the government will suffer. *United States v. Strauss*, 563 F.2d 127 (4th Cir. 1977). On appeal, denial of the motion will be overturned only for abuse of discretion. *United States v. Strauss*, 563 F.2d 127, 131 (4th Cir. 1977); *United States*

* Two circuits have ruled that the "fair and just" standard should apply when a defendant moves to withdraw his guilty plea after he has been tentatively sentenced under § 4205(c) (formerly § 4208(b)), but prior to final sentencing. *See United States v. Barker*, 168 U.S.App.D.C. 312, 514 F.2d 208 (1975); *United States v. Thomas*, 415 F.2d 1216 (9th Cir. 1969). Several other circuits have reserved judgment on this question. *See, e. g., United States v. Bradin*, 535 F.2d 1039 (8th Cir. 1976); *United States v. Jerry*, 487 F.2d 600 (3d Cir. 1973); *Callaway v. United States*, 367 F.2d 140 (10th Cir. 1966).

*v. Ford*, 363 F.2d 375, 377 (4th Cir. 1966). Withdrawal of a guilty plea after sentencing is permitted by Rule 32(d) only when necessary to correct manifest injustice.

■ Rule 32(d) does not address itself to the situation presented here where the defendant moved to withdraw his guilty plea after he had been provisionally sentenced under § 4205(c), but before he received a final sentence. The district court applied the "fair and just" standard to Carden's motion to withdraw his plea. Because we conclude that the district court did not abuse its discretion in denying Carden's motion even under the more lenient standard, this appeal presents no occasion to decide, as a general rule, which standard is proper in the context of a bifurcated sentencing proceeding such as that prescribed by § 4205(c).

The district court conducted a full evidentiary hearing on the motion. Carden asserted his reasons for seeking to withdraw his plea, and the government showed that it would be substantially prejudiced if the plea were allowed to be withdrawn. The district court properly weighed the defendant's reasons for seeking withdrawal against the prejudice demonstrated by the government. In accordance with our decision in *United States v. Strauss*, 563 F.2d 127, 131 (4th Cir. 1977), the following factors were considered: (1) the court's Rule 11 inquiry; (2) the quality of representation received by Carden; (3) his mental condition at the time the guilty plea was entered; and (4) whether he had asserted his innocence.

Our review of the transcript of the April 7th hearing, and that of the Rule 11 inquiry, satisfies us that the district court did not abuse its discretion when it denied Carden's motion to withdraw his guilty plea. In contrast to the prejudice shown by the government, Carden has presented no satisfactory reason for allowing the withdrawal of his plea.

Accordingly, the judgment of conviction is affirmed.