UNITED STATES of America,
Plaintiff-Appellee,

v.

William Samuel HANCOCK, a/k/a
Harlan Duane Wixson,
Defendant-Appellant.

No. 77–2098.

United States Court of Appeals,
Tenth Circuit.

Submitted March 13, 1979.

Decided Oct. 16, 1979.

Peter G. Pierce, III, Oklahoma City, Okl., for defendant-appellant.

Larry D. Patton, U.S. Atty., and Charles Lee Waters, Asst. U.S. Atty., Oklahoma City, Okl., for plaintiff-appellee.

Before DOYLE, McKAY and LOGAN, Circuit Judges.

McKAY, Circuit Judge.

Appellant sought to withdraw his plea of guilty at his sentencing hearing prior to imposition of sentence. This motion was authorized by Fed.R.Crim.P. 32(d). The trial court summarily denied the request and sentenced appellant.

Although a criminal defendant does not have an absolute right to withdraw a plea of guilty, a request to withdraw such a plea made before imposition of sentence should be considered carefully and with liberality. *Dorton v. United States*, 447 F.2d 401, 411–12 (10th Cir. 1971); *Burnett v. United States*, 404 F.2d 29 (10th Cir. 1968). The granting of permission to withdraw a guilty plea is within the sound discretion of the court, *id.*, but that discretion is properly exercised only if the decision reached comports with the broad standards of liberality mandated by earlier cases. *See Dorton v. United States*, 447 F.2d at 412; *Kercheval v. United States*, 274 U.S. 220, 224, 47 S.Ct. 582, 71 L.Ed. 1009 (1927).

Reviewing the record as a whole we believe that under our standards for the exercise of discretion the motion to withdraw the plea should have been granted. No hearing was held in which appellant had

an adequate opportunity to develop support for his reasons for wanting to change his plea. The court did not outline its reasons for denying the motion.[1] The government opposed the motion, but it did not claim, much less did it demonstrate, that it would be prejudiced in any way by appellant changing his plea.[2] Nor is this a case where the defendant's motivation was found to be manipulation of the legal system. *See Barker v. United States*, 579 F.2d 1219, 1222, 1224 (10th Cir. 1978).[3]

**REVERSED** and remanded with directions to grant the defendant's motion to withdraw his plea of guilty.

**1.** *Cf. Barker v. United States*, 579 F.2d 1219, 1222 (10th Cir. 1978) (denial of motion to withdraw guilty plea affirmed; district judge had "issued a memorandum and order detailing the reasons for the denial").

**2.** A motion to withdraw a guilty plea, when made prior to sentencing,

should be freely allowed in the interest of justice, unless the prosecution will be substantially prejudiced thereby. The liberality found here is a result of a desire to protect defendants' rights to a jury trial. This right has found a favored place in our law.

8A *Moore's Federal Practice* ¶ 32.07[2], at 109–11 (2d ed. 1978) (footnotes omitted).

**3.** In *Barker*, defendant had received, in exchange for changing his initial plea to guilty, the government's promises that it would not oppose his release on bond pending sentencing, would not seek to increase his bond, and would not use certain evidence in its possession at any release hearing. 579 F.2d at 1221. The district court, in explaining its denial of defendant's motion to withdraw his guilty plea, concluded that defendant had been "attempting to manipulate the Government and the Court so that he could obtain that to which he was not entitled—six weeks of freedom on bond—without any adverse consequences." *Id.* at 1222. We found the district court's conclusion warranted, and affirmed. *Id.* at 1226.