**UNITED STATES of America, Appellee,**

v.

**Wesley B. BROWN, Jr., Appellant.**

**No. 79–5037.**

United States Court of Appeals,
Fourth Circuit.

Argued Nov. 9, 1979.

Decided March 11, 1980.

Stephen R. Pickard, Alexandria, Va. (Evans, Economou & Pickard, Alexandria, Va., on brief), for appellant.

Justin W. Williams, U. S. Atty., Alexandria, Va. (William B. Cummings, U. S. Atty., Leonie M. Brinkema, Asst. U. S. Atty., Alexandria, Va., C. Forrest Bannan, Special Asst. U. S. Atty., Washington, D. C., on brief), for appellee.

Before PHILLIPS and MURNAGHAN, Circuit Judges, and MATTHEW J. PERRY, District Judge for the District of South Carolina, sitting by designation.

PER CURIAM:

Wesley Brown pleaded guilty to conspiracy to defraud a federally insured bank and to embezzle funds from that bank in violation of 18 U.S.C. § 1005. Prior to sentencing, Brown sought to withdraw his guilty plea, but the motion was denied by the district court. This appeal followed. Concluding that the denial of the motion was not an abuse of the district court's discretion, we affirm.

Brown, a branch manager of the United Virginia Bank, was charged by indictment with five counts arising out of the embezzlement of a large sum from the bank. On November 14, 1978, one week prior to his scheduled trial, Brown pleaded guilty to the conspiracy count and the other four counts were dismissed pursuant to a plea agreement.

Defendant agreed to cooperate with the government by submitting to a debriefing by federal agents and by appearing before a federal grand jury. When the plea was entered the district court conducted a careful and extensive inquiry under Fed.R. Crim.P. 11 and determined that the plea was made voluntarily and understandingly and had a basis in fact. The court then found defendant guilty and set sentencing for December 8, 1978.

On December 1, 1978, Brown moved under Fed.R.Crim.P. 32(d) to withdraw his guilty plea claiming that he was innocent, that he had defenses to the charges, and that the government would not be prejudiced by withdrawal of the plea. The government opposed the motion arguing that it would be prejudiced if the plea were withdrawn because the trial preparation had been dismantled and 17 of its witnesses notified not to appear. The government further argued that grand jury sessions scheduled for Brown and 5 other witnesses in respect of related investigations would have to be cancelled. After a hearing the district court denied the motion.

■ Withdrawal of a guilty plea prior to sentencing should normally be allowed. If, however, the government has been prejudiced by its reliance on the guilty plea, "this dispensation should not be [so] freely granted." *United States v. Savage,* 561 F.2d 554, 556 (4th Cir. 1972), and the district court must weigh this prejudice against defendant's reason for seeking to withdraw the plea. *United States v. Strauss,* 563 F.2d 127, 130–31 (4th Cir. 1977). On appeal the denial of the motion to withdraw will be overturned only for abuse of discretion. *United States v. Savage,* 561 F.2d 554 (4th Cir. 1972).

The prejudice the government contends would have resulted here is similar in many respects to that present in *United States v. Tabory,* 462 F.2d 352 (4th Cir. 1972) though in that case the government was prepared to go to trial and had its witnesses available. In *Tabory* we upheld the denial of the motions to withdraw the plea. On the substantially similar facts of this case we conclude that the district court did not abuse its discretion in finding prejudice to the government which required a balancing consideration of any reasons that defendant could advance for being allowed to withdraw the plea.

Defendant could show no compelling reasons such as that his plea was in fact involuntarily given or that it was based upon inadequate representation by counsel. *Cf. Tolliver v. United States,* 563 F.2d 1117, 1121 (4th Cir. 1977); *United States v. Truglio,* 493 F.2d 574 (4th Cir. 1974). Aside from the unarticulated but implicit suggestion that he had simply reassessed his overall strategic and tactical situation, Brown could only give as a reason for allowing withdrawal of the plea the suggestion that he had legal defenses to the charges that he desired to have considered in a plenary trial.

■ The district court, in the exercise of its discretion, was required to consider defendant's reasons for seeking withdrawal, but was not compelled to grant the motion based on Brown's assertions. *See United States v. Tabory,* 462 F.2d at 354. Moreover, in assessing the propriety of the district court's ruling, we must consider the district court's determination, after a careful inquiry under rule 11, that the plea was made voluntarily, intelligently, and had a factual basis. *See id.* In considering all of these factors we conclude that the district court did not abuse its discretion in denying Brown's motion to withdraw his guilty plea.

Affirmed.