875 F.2d 317
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Onyewuchi ODU, Defendant-Appellant.
 No. 88-5598.
 United States Court of Appeals, Fourth Circuit.
 Argued: Jan. 13, 1989.
Decided: May 15, 1989.
 
 Bernard P. Kole, for appellant.
 Richard C. Kay, Law Clerk (Breckinridge L. Willcox, United States Attorney, Charles P. Scheeler, Assistant United States Attorney, on brief), for appellee.
 Before HARRISON L. WINTER, Chief Judge, and K.K. HALL and WILKINSON, Circuit Judges.*
 HARRISON L. WINTER, Circuit Judge:
 
 
 1
 Appellant Onyewuchi Odu challenges the district court's refusal to permit him to withdraw certain guilty pleas. Because we find that the district court's ruling was not an abuse of discretion, we affirm.
 
 I.
 
 2
 Odu was arrested and charged with exportation of United States currency in violation of 31 U.S.C. Secs. 5316, 5322(b), and with concealment of that fact in violation of 31 U.S.C. Secs. 5324(3), 5322(b). These acts were alleged to have occurred between November 1985 and April 1987.
 
 
 3
 After his indictment, Odu spent several days at the office of his lawyer reviewing the government's audio- and videotape evidence in the case. In addition, Odu went with his lawyer to the office of the United States Attorney on at least three different occasions to attend plea negotiations.
 
 
 4
 On October 6, 1987, Odu appeared before a United States District Judge and announced that he intended to enter a plea of no contest to the two counts charged. When the prosecuting attorney stated that it was his understanding that Odu had previously agreed to plead guilty to the two counts, Odu and his lawyer requested time to confer together. Odu and his lawyer then left the room and met for three minutes. Upon returning, Odu stated that he indeed wished to plead guilty to both counts. After questioning Odu pursuant to Fed.R.Crim.P. 11, including questioning him as to whether he had had enough time to confer with his lawyer concerning his pleas--to which Odu answered in the affirmative--the district court accepted Odu's guilty pleas.
 
 
 5
 On March 7, 1988--five months after his pleas were entered--Odu moved to withdraw them, claiming that he was innocent of the crimes charged. After hearing argument on this motion, the district court denied it.
 
 
 6
 Odu was subsequently sentenced to two thirty-month jail terms, to be served concurrently, and was assessed $50 on each count. He now appeals the denial of his motion to withdraw his pleas of guilty.
 
 II.
 
 7
 Withdrawal of guilty pleas is governed by Rule 32(d) of the Fed.R.Crim.P. which provides, in pertinent part:
 
 
 8
 If a motion for withdrawal of a plea of guilty or nolo contendere is made before sentence is imposed, the court may permit withdrawal of the plea upon a showing by the defendant of any fair and just reason.
 
 
 9
 The scope of appellate review of the denial of a motion to withdraw a guilty plea is a determination of whether the district court abused its discretion. See United States v. Brown, 617 F.2d 54, 55 (4 Cir.1980). As to review of a district court's factual findings in support of its decision to deny the motion, the standard is the familiar not clearly erroneous one. See United States v. Suter, 755 F.2d 523, 525 (7 Cir.) cert. denied, 471 U.S. 1103 (1985).
 
 
 10
 Odu contended below that he should be allowed to withdraw his pleas of guilty because he had had inadequate time to consult with his lawyer in connection with the entry of the pleas. He claimed that he had not understood the meaning of the entry of such a plea. He asserted that his initial statement at the plea proceeding--that he wanted to plead no contest--indicated that he and his lawyer were not in agreement. Odu argued that he pled guilty only because, during the three minutes that he conferred with his lawyer just prior to entering the pleas, his lawyer had told him to do so without explaining the significance of the action. Odu further claimed that in the days he spent in his lawyer's office reviewing the government's evidence against him he had never had any meetings with his lawyer to discuss the case. He asserted that he had thought that the plea proceeding was to be only another in the series of meetings with the prosecutor.
 
 
 11
 In considering these assertions, the district court reviewed the transcript of the proceedings at which the pleas were entered and correctly stated that Odu had acknowledged under oath that he had had sufficient time fully to discuss the case with his lawyer. The court noted that Odu had admitted that he had spent several days at the office of his attorney reviewing the government's evidence. The court noted further that Odu was present at several meetings when his lawyer and the prosecutor discussed the plea arrangement. The court concluded that it was "incomprehensible that defendant would now say that he had not had ample time to discuss the case" with his lawyer. Transcript of Hearing on Defendant's Motion for Withdrawal of Guilty plea at 56, United States v. Odu, Crim. No. H-87-0248 (D.Md. April 21, 1988) (unpublished).
 
 
 12
 In addition to these findings, the district court found that permitting Odu to withdraw his pleas would cause the government to suffer prejudice, would waste judicial resources, and would be inappropriate in light of Odu's delay in filing his motion. See id. at 54-55; see also United States v. Carr, 740 F.2d 339, 343 (5 Cir.1984), cert. denied, 471 U.S. 1004 (1985).
 
 
 13
 Odu's arguments before this court are the same as those advanced in the district court. Upon review of the plea proceeding and the transcript of the motion hearing, we think that the district court's findings in support of its denial of Odu's motion were not clearly erroneous. The district court had ample evidence before it to enable it to find that Odu had sufficient time to confer with his lawyer, that he understood the charges against him, and that he understood his plea of guilty. Moreover, the district court's inquiry at the time of Odu's pleas fully satisfied the requirements of Rule 11 of the Federal Rules of Criminal Procedure. Under the circumstances, no greater inquiry was required.
 
 
 14
 The district court's ruling was supported by findings not shown to be clearly erroneous. In light of this, we hold that the district court's denial of Odu's motion for withdrawal of his pleas was not an abuse of discretion. See United States v. Haley, 784 F.2d 1218, 1219 (4 Cir.1986).
 
 
 15
 AFFIRMED.
 
 
 
 *
 After submission of this appeal, Judge Winter relinquished the chief judgeship, retaining, however, his status as an active circuit judge