**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.                                                                              No. 95-5488

ANTHONY DEVORE HAILSTOCK,
<u>Defendant-Appellant.</u>

Appeal from the United States District Court
for the District of South Carolina, at Greenville.
William B. Traxler, Jr., District Judge.
(CR-94-813)

Submitted: October 15, 1996

Decided: December 16, 1996

Before ERVIN, NIEMEYER, and MICHAEL, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

James Robert Mann, Greenville, South Carolina, for Appellant. Harold Watson Gowdy, III, OFFICE OF THE UNITED STATES ATTORNEY, Greenville, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Anthony Devore Hailstock pled guilty to conspiracy to possess with the intent to distribute and to distribute cocaine base, in violation of 21 U.S.C. § 846 (1994). The district court sentenced Hailstock to serve 262 months imprisonment. He appeals his conviction and sentence. Hailstock's attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), raising three issues but stating that, in his view, there are no meritorious issues for appeal. Finding no reversible error, we affirm Hailstock's conviction and sentence.

Hailstock's counsel specifically asserts that the district court erred by sentencing Hailstock as a career offender, by refusing to grant Hailstock's motion for a downward departure from the United States Sentencing Guidelines, and by refusing to modify Hailstock's sentence based on the disparity of the sentences received by Hailstock and his co-defendants. In Hailstock's pro se supplemental brief, he contends that his guilty plea lacked an independent factual basis, that his plea was not given knowingly, and that the district court erred by refusing to allow him to withdraw his guilty plea.

Hailstock was over eighteen years old when he committed the instant felony offense, which involved a controlled substance. Hailstock also has two prior crimes-of-violence felony convictions. In 1989, Hailstock was convicted of strong-arm robbery and receiving and possessing stolen goods and sentenced to serve ten years imprisonment. He was also convicted of assault and battery of a high and aggravated nature and sentenced to serve an additional ten-year term. See United States Sentencing Commission, Guidelines Manual, § 4B1.1 (Nov. 1994) (outlining career offender status requirements). Hailstock's criminal history satisfied the career offender criteria; therefore, we find that he was properly sentenced according to the career offender provision.

Hailstock claims he was entitled to a downward departure in sentencing because he played a minor role in the offense, because of the unconscionable disparity between the sentences imposed on Hailstock and his co-defendants, and because of the minor nature of Hailstock's

2

prior conviction for assault and battery. However, these claims are not properly before this court because the district court's refusal to depart downward is not reviewable on appeal. United States v. Bayerle, 898 F.2d 28, 30 (4th Cir.), cert. denied, 498 U.S. 819 (1990).

Hailstock also asserts that the district court should have exercised its discretion and modified his sentence because of the disparity in the lengths of sentences imposed on him and his co-defendants.* The district court is only allowed to depart from the applicable sentencing guidelines range to correct the disparity of the sentences received between co-defendants upon proof of actual prosecutorial misconduct. United States v. Fonville, 5 F.3d 781, 783 (4th Cir. 1993), cert. denied, ___ U.S. ___, 62 U.S.L.W. 3754 (May 16, 1994) (No. 93-7612). Hailstock fails to allege prosecutorial misconduct, and we find no evidence of it. Therefore, the district court did not abuse its discretion in refusing to modify Hailstock's sentence.

Hailstock's assertion that his plea was accepted without an independent factual basis is directly belied by the record. A special agent with the South Carolina Law Enforcement Division informed the district court of Hailstock's involvement in the offense. We find that this recitation of the evidence satisfied all the essential elements of the offense and sufficiently supported Hailstock's guilty plea.

We also find that Hailstock's guilty plea was knowingly and intelligently given. The district court found Hailstock to be legally competent to offer his plea. He was informed of the essential elements of the offense to which he was pleading guilty. The district court also advised Hailstock of the possible punishment range. Further, Hailstock responded affirmatively when questioned as to whether he understood the nature of the proceedings and if he still wished to offer a guilty plea after being informed of the punishment range.

Hailstock also challenges the district court's refusal to grant his motion to withdraw his guilty plea. We review a district court's refusal to allow plea withdrawal under an abuse of discretion stan-

_____

*One of Hailstock's co-defendants, the actual target of the undercover investigation, received a sentence of 121 months imprisonment. The other was sentenced to serve 60 months imprisonment.

3

dard. United States v. Brown, 617 F.2d 54, 55 (4th Cir. 1980). To warrant a withdrawal of a plea, a defendant has the burden of showing a "fair and just" reason for the withdrawal, even if the government has not shown that it would be prejudiced by the withdrawal. United States v. Moore, 931 F.2d 245, 248 (4th Cir.), cert. denied, 502 U.S. 857 (1991). Because the district court found that Hailstock's plea was knowingly and voluntarily given; that the defendant had not credibly asserted his legal innocence; that there was a substantial delay between the entering of the plea and the motion to withdraw; and, that to allow a withdrawal of his plea at that stage of the proceedings would result in a waste of judicial resources, the district court properly concluded that Hailstock failed to show a fair and just reason that would warrant withdrawal of his guilty plea. We therefore find that the district court did not abuse its discretion in denying Hailstock's withdrawal motion.

In accordance with the requirements of Anders , we have examined the entire record in this case and find no other meritorious issues for appeal. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4