UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                                  No. 99-4121

KELVIN ANDRE SPOTTS, a/k/a Shorty,
Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of West Virginia, at Huntington.
Robert C. Chambers, District Judge.
(CR-98-47)

Submitted: November 30, 1999

Decided: January 31, 2000

Before NIEMEYER and WILLIAMS, Circuit Judges,
and BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Wade M. Rolle, Jacksonville, Florida, for Appellant. Rebecca A.
Betts, United States Attorney, Ray M. Shepard, Assistant United
States Attorney, Huntington, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Kelvin Andre Spotts appeals the district court's order denying his motion to withdraw his guilty plea and his convictions pursuant to his guilty plea and life sentence for conspiracy to distribute cocaine base, in violation of 21 U.S.C. §§ 846, 851 (1994); using and carrying a firearm in relation to a drug trafficking crime, in violation of 18 U.S.C.A. § 924(c)(1) (West Supp. 1999); and conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h) (1994). Counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that the district court abused its discretion in denying Spotts' motion to withdraw his guilty plea, but concluding that there were no meritorious grounds for appeal. Spotts has filed his own pro se supplemental brief in which he raises several issues. In accordance with the requirements of Anders, we have considered the briefs on appeal and examined the entire record for meritorious issues. We find no error and affirm.

The sole issue raised by counsel in his Anders brief, and one of the issues Spotts raises in his supplemental brief, is that the court improperly denied Spotts' motion to withdraw his guilty plea. We review denial of a motion to withdraw a guilty plea for abuse of discretion, see United States v. Brown, 617 F.2d 54 (4th Cir. 1980), and Spotts has the burden of demonstrating a "fair and just" reason for withdrawal. See United States v. Moore, 931 F.2d 245, 248 (4th Cir. 1991). The record on appeal discloses that the court properly weighed the six factors enumerated in Moore in concluding that Spotts failed to demonstrate a "fair and just" reason for withdrawing his guilty plea. We therefore affirm that order.

Spotts raises several claims in his pro se supplemental brief. Spotts asserts that the district court did not comply with Fed. R. Crim. P. 11 in accepting his guilty plea, that his plea agreement was ambiguous, that he received ineffective assistance of counsel in various ways related to his guilty plea, that there was "prosecutorial misconduct" in various ways, and that his indictment was flawed. We find these claims meritless and affirm Spotts' convictions and sentence. We deny Spotts' motion for bail pending appeal as moot.

2

The court requires that counsel inform their clients in writing of their right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED