Jean David **CALLAWAY**, Appellant,

v.

**UNITED STATES** of America, Appellee.

No. 8734.

United States Court of Appeals Tenth Circuit.

Sept. 23, 1966.

Dale G. Yoakum, Lakewood, Colo., for appellant.

Guy L. Goodwin, Asst. U. S. Atty., Wichita, Kan. (Newell A. George, U. S. Atty., with him on the brief), for appellee.

Before MURRAH, Chief Judge, BREITENSTEIN and SETH, Circuit Judges.

PER CURIAM.

Appellant has taken this appeal from a denial of his motion to withdraw a plea of guilty to a charge under the Dyer Act. He was sentenced on December 6, 1965, to the custody of the Attorney General for five years, and for study, all as provided by 18 U.S.C.A. § 4208(c). His sentence for the maximum term expressly provided that it was subject to modification in accordance with 18 U.S. C.A. § 4208(b) following such study. Appellant was then taken to the Reformatory at El Reno, Oklahoma, pursuant to this sentence.

On March 21, 1966, appellant appeared again before the district court. The trial judge then had before him the report of the examination of appellant, and advised appellant again about sentencing under the Youth Correction Act. Appellant thereupon told the court that he was not guilty of the charge, and that he wanted to change his plea. The court refused his request, and sentenced him under the Youth Correction Act.

The issue here presented is whether the trial court committed error in refusing appellant's request to change his plea

to not guilty. The record before us covers only the events which took place upon arraignment, sentencing, and re-sentencing. The record of the proceedings at resentencing shows that appellant then understood the charges against him, and upon questioning he finally said that he also understood them at the time of his guilty plea. However he also then said that he thought on arraignment, and was told previously, that if he entered a plea of guilty he would not have to face state automobile theft charges by Colorado and Kansas, but that he found out after the initial sentencing that this was not necessarily true. The trial court said this was not a sufficient basis to permit a change of plea and, after an explanation of the Youth Correction Act, resentenced him pursuant to it.

Appellant objected to the new sentence on the ground that it might be longer than the initial one, and that it would not serve to rehabilitate him. His previous convictions and the need for the training afforded under the Youth Correction Act were then discussed with him by the court.

The record shows that when appellant sought to change his plea a judgment of conviction had been entered and appellant had been sentenced. The sentence was expressly subject to revision; however, it is not necessary for us to decide whether the portion of Rule 32(d) of the Rules of Criminal Procedure relating to motions before sentence, or the portion referring to the correction of "manifest injustice" after sentence applies. See United States v. Behrens, 375 U.S. 162, 84 S.Ct. 295, 11 L.Ed.2d 224, and Corey v. United States, 375 U.S. 169, 84 S.Ct. 298, 11 L.Ed.2d 229.

■ Appellant had no "right" to withdraw his guilty plea either before or after sentencing. Callahan v. United States, 35 F.2d 633 (10th Cir.); Hoyt v. United States, 252 F.2d 460 (10th Cir.); Criser v. United States, 319 F.2d 849 (10th Cir.); Ching v. United States, 338 F.2d 333 (10th Cir.); Jack v. United States, 341 F.2d 273 (10th Cir.). His plea was not just an admission of guilt, but was the equivalent of a formal conviction.

■ The trial court's refusal to set aside the judgment is reviewable only for an abuse of discretion. Hoyt v. United States, supra. The apprehension of the appellant as to possible state charges was not sufficient to demonstrate such an abuse of discretion by the trial court. No facts were presented by appellant on the subject, and as far as the record shows it was no more than speculation on appellant's part. He had the burden of showing a reason for the change, but he did not do so. Friedman v. United States, 200 F.2d 690 (8th Cir.); United States v. Mack, 249 F.2d 421 (7th Cir.).

The record of the original sentencing and of the resentencing both show a painstaking questioning of appellant by the court. Appellant stated, as above mentioned, that he understood the charges on both occasions. He was represented by an attorney who had consulted with him, and who had expressed the opinion on arraignment that appellant understood the charges. Many of the responses of appellant at the first sentencing were merely "yes" or "no" answers, but on resentencing he made extended answers, and a volunteering of information and opinions. The trial court in its questioning covered all pertinent subjects relating to the plea and had satisfied himself that the plea was voluntarily and intelligently made.

We cannot say that there was such an abuse of discretion by the trial court as to constitute error in its refusal to permit appellant to change his plea for the reason advanced.

Affirmed.