**James C. MILES, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 9467.**

United States Court of Appeals Tenth Circuit.

Nov. 29, 1967.

Rollin E. Drew, Oklahoma City, Okl., for appellant.

Givens L. Adams, Asst. U. S. Atty., Oklahoma City, Okl. (B. Andrew Potter, U. S. Atty., Oklahoma City, Okl., with him on the brief), for appellee.

Before PICKETT, HILL and HICKEY, Circuit Judges.

PICKETT, Circuit Judge.

This is an appeal from the denial of a motion to withdraw a plea of guilty after sentencing. Rule 32(d), F.R.Crim.P.

Appellant James C. Miles appeared in the United States District Court for the Western District of Oklahoma on March 2, 1967, for arraignment on an information charging the offense of causing to be transported in interstate commerce from Enid, Oklahoma to New York, New York, a falsely made and forged money order, in violation of 18 U.S.C. § 2314. Miles waived counsel, consented to be charged by information, and entered a plea of guilty. The court accepted the plea and later that same day sentenced Miles to a term of eight years. Thereafter, Miles filed with the court a letter requesting permission to withdraw his plea of guilty, asserting that it was induced by the statements of federal officers that he would obtain needed medical attention only by waiving his rights and entering a plea of guilty. The court treated the letter as a motion to withdraw the plea of guilty after sentencing and to vacate judgment and sentence under Rule 32(d), F.R.Crim.P. The court appointed counsel for Miles and conducted an evidentiary hearing. At the hearing, Miles admitted upon cross-

examination and upon inquiry by the court, that no promises or threats were actually made to him. The court found, in substance, that Miles understood the nature of the charges and the possible penalties; that he was not coerced or induced by threats or promises; and that his claim of innocence was not supported by the testimony adduced at the hearing. Accordingly, the court concluded that no "manifest injustice" attended the plea of guilty, and entered an order denying Miles' motion.

It was argued that Miles' plea of guilty was involuntary for the reason that it was entered without the assistance of counsel. It is fundamental that an accused is entitled to the assistance at all stages of a criminal proceeding, but he may waive this right. Panagos v. United States, 10 Cir., 324 F.2d 764; Igo v. United States, 10 Cir., 303 F.2d 317. It is incumbent upon the trial judge to assure that a defendant's waiver of counsel is intelligently and understandingly made. Von Moltke v. Gillies, 332 U.S. 708, 68 S.Ct. 316, 92 L.Ed. 309; Shawan v. Cox, 10 Cir., 350 F.2d 909. Whether there has been an intelligent waiver of counsel depends upon the particular circumstances attending each case. Johnson v. Zerbst, 304 U.S. 458, 464, 58 S.Ct. 1019, 82 L.Ed. 1461. Here, the record shows Miles was carefully informed of his right to counsel, understood that right, and affirmatively declined to avail himself of it. It is also clear that he intelligently and understandingly waived his constitutional right to the assistance of counsel. See, Igo v. United States, supra; Devine v. Hand, 10 Cir., 287 F.2d 687; Beasley v. Wilson, 9 Cir., 370 F.2d 320, cert. denied, 387 U.S. 913, 87 S.Ct. 1700, 18 L.Ed.2d 634; Starks v. United States, 4 Cir., 264 F.2d 797.

Prior to accepting Miles' plea of guilty, the proposed information was read in open court, and the maximum penalties which could be assessed upon the charge were stated. Miles was also apprised of his right to indictment by grand jury, which he waived in writing.

The trial court conducted a thorough examination into the voluntariness of the plea. The court advised Miles as to the legal effect of a plea of guilty and inquired as to his understanding of the charge. Miles responded negatively to the court's specific inquiry concerning the existence of any threats or promises employed against him which would coerce or induce him to enter a plea of guilty. The court questioned Miles concerning the facts which constituted the alleged offense and his intent in connection therewith as contemplated by Rule 11, F.R.Crim.P.

Rule 32(d), F.R.Crim.P., provides:

"A motion to withdraw a plea of guilty or of *nolo contendere* may be made only before sentence is imposed or imposition of sentence is suspended; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his plea."

See, generally, 8 Moore's Federal Practice, ¶ 32.07[1], [3]. A plea of guilty is the equivalent of a formal conviction and may therefore be considered conclusive. Callaway v. United States, 10 Cir., 367 F.2d 140; Hoyt v. United States, 10 Cir., 252 F.2d 460. One who enters a plea of guilty has no right, as a matter of law, to withdraw it. Kienlen v. United States, 10 Cir., 379 F.2d 20; Callaway v. United States, supra. A motion to withdraw a plea of guilty is addressed to the sound judicial discretion of the court, and an order denying such a motion is reviewable only for abuse of discretion. Kienlen v. United States, supra; Callaway v. United States, supra; Hoyt v. United States, supra. After imposition of sentence, the burden of establishing "manifest injustice" rests upon the defendant. United States v. Callaway, supra; United States v. Washington, 3 Cir., 341 F.2d 277, 281, 9 A.L.R.3d 448, cert. denied 382 U.S. 850, 86 S.Ct. 96, 15 L.Ed.2d 89.

Although Miles makes a general attack upon the voluntariness of his plea, the record establishes conclusively that he is essentially motivated by dis-

satisfaction with the length of his sentence. During the hearing on the motion, the following exchange took place:

"THE COURT: Well, then why do you want to withdraw your plea of guilty and enter a plea of not guilty? A. Well, your Honor, for the charge that I am charged with, I don't feel like that I should serve a prison sentence of eight years.

THE COURT: Well then, the real reason is that you think the sentence is excessive? A. Excessive, yes, sir."

It is well established that disappointment with the sentence imposed does not afford grounds for withdrawal of a plea of guilty. Pinedo v. United States, 9 Cir., 347 F.2d 142, 148, cert. denied 382 U.S. 976, 86 S.Ct. 547, 15 L.Ed.2d 468. In Kadwell v. United States, 9 Cir., 315 F.2d 667, 670, the court stated:

"Accordingly, Rule 32(d) imposes no limitation upon the withdrawal of a guilty plea *before* sentence is imposed, and such leave 'should be freely allowed.' Poole v. United States, 102 U.S.App.D.C. 71, 250 F.2d 396, 400 (1957). See also Gearhart v. United States, 106 U.S.App.D.C. 270, 272 F.2d 499, 502 (1959). On the other hand, withdrawal of a guilty plea *after* sentence is conditioned by Rule 32(d) upon a showing of 'manifest injustice.' This distinction rests upon practical considerations important to the proper administration of justice. Before sentencing, the inconvenience to court and prosecution resulting from a change of plea is ordinarily slight as compared with the public interest in protecting the right of the accused to trial by jury. But if a plea of guilty could be retracted with ease *after* sentence, the accused might be encouraged to plead guilty to test the weight of potential punishment, and withdraw the plea if the sentence were unexpectedly severe. The result would be to undermine respect for the courts and fritter away the time and painstaking effort devoted to the sentencing process."

We are satisfied that under the circumstances of this case, the refusal of the trial court to permit a withdrawal of the plea of guilty after sentencing was neither an abuse of discretion nor a manifest injustice under Rule 32(d).

We have considered Miles' remaining contentions and have concluded that they are without merit.

Affirmed.