**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 20 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MILTON BEASLEY,

Defendant - Appellant.

No. 97-1104

(D. Colorado)

(D.C. No. 91-CR-188-N)

### ORDER AND JUDGMENT[*]

Before **ANDERSON**, **McWILLIAMS**, and **MURPHY**, Circuit Judges.

Defendant Milton Beasley appeals the district court's refusal to allow him to withdraw his guilty plea on one charge of conspiracy to possess with intent to distribute more than 50 grams of crack cocaine. We affirm.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

# I. BACKGROUND

The Friday night before his trial was scheduled to begin on Monday, July 24, 1995, Mr. Beasley pled guilty to one count of conspiracy to possess with intent to distribute more than 50 grams of crack cocaine, a violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(iii), 846 and 18 U.S.C. § 2. In exchange for Mr. Beasley's guilty plea, the government agreed not to oppose a three-point reduction for acceptance of responsibility or Mr. Beasley's request for designation of place of confinement.[1]

After reviewing the document with his attorney, Mr. Beasley signed a "Plea Agreement and Statement of Facts Relevant to Sentencing" ("the Agreement"). The Agreement set forth, in part, that Mr. Beasley would be sentenced under the Sentencing Guidelines, that the court had discretion to impose any sentence up to the statutory maximum of life imprisonment, and that the likely guideline range would be 292-365 months based on a criminal history category of four.

Thereafter, the district court conducted a full hearing pursuant to Rule 11. As a part of this hearing, the court questioned Mr. Beasley extensively concerning his plea. Among other things, this questioning involved the following colloquy regarding punishment which could be imposed for the offense:

[1]This was a type B plea agreement, as outlined in Fed. R. Crim. P. 11(e). See United States v. Hyde, 117 S. Ct. 1630, 1633 (1997).

THE COURT: Mr. Beasley, do you understand that the offense to which you are pleading guilty is a serious felony offense?

THE DEFENDANT: Yes, sir.

. . . .

THE COURT: I'm required to advise you of the statutory penalty in this case, because this is the penalty to which you expose yourself by pleading guilty. Do you understand that?

THE DEFENDANT: Yes.

THE COURT: The maximum statutory penalty in this case for this crime is life in prison and a $4 million fine. Do you understand that?

THE DEFENDANT: Yes.

THE COURT: In addition, the minimum penalty—the minimum penalty, the least that the Court can sentence you to under the law is ten years in prison. Do you understand that?

THE DEFENDANT: Yes.

. . . .

THE COURT: The sentence in this case will actually be imposed under the Sentencing Guidelines. Have you had a chance to talk to [your attorney] about the way those guidelines work?

THE DEFENDANT: Yes.

THE COURT: I see that you and your attorney and the government attorney have made some guideline calculations and come up with a tentative sentencing range. Is that correct?

THE DEFENDANT: Yes.

THE COURT: That sentencing range is 292 months to 365 months. Is that right?

THE DEFENDANT: Yes.

THE COURT: Do you understand that that sentencing range that you all calculated is not binding on the Court?

THE DEFENDANT: Yes.

THE COURT: Do you understand that the Court will make its own determination of the applicable guideline range based on the probation officer's report and your attorney's objections to the report?

THE DEFENDANT: Yes.

THE COURT: Do you understand that . . . even after the Court determines what guidelines apply to the case, the Court could, in certain aggravating circumstances, depart upward all the way to the statutory maximum of life in prison? Do you understand that?

THE DEFENDANT: Yes.

. . . .

THE COURT: Do you understand that you won't be able to change your mind later and tell us all that you want to plead not guilty?

THE DEFENDANT: Yes.

. . . .

THE COURT: Do you understand that if the sentence in this case is more severe than the sentence you expect, you will still be bound by your plea agreement and will have no right to withdraw it?

THE DEFENDANT: Yes.

R. Vol. 9 at 12-16.

In response to further questioning by the court, Mr. Beasley indicated he had read the indictment and had fully discussed the charges with his counsel, with whom he was satisfied. Id. at 5, 10. When the court informed him that it was not inclined to grant an adjustment for acceptance of responsibility because of the last minute timing of the plea agreement, Mr. Beasley said he still wanted to plead guilty. Id. at 6-7. The court also informed him that if the government chose not to file a motion for lenient treatment under § 5K1.1 of the Sentencing Guidelines, he was still bound by the agreement and could not withdraw his plea. Id. at 8. When the court sensed some reluctance at one point on Mr. Beasley's part and inquired about it, id. at 10-11, Mr. Beasley assured the court he wanted to plead guilty. Id. at 11.

The court also made inquiry into the facts in order to establish a factual basis for accepting the guilty plea. Id. at 20-23. When asked to tell what he had

done, Mr. Beasley admitted that he had knowledge of the conspiracy, that he had ridden with a co-conspirator from Los Angeles to Denver transporting six ounces of crack cocaine, and that he had sold the cocaine in Denver and had split the profits with co-conspirators. Id. at 20-22. Although Mr. Beasley did not agree with all of the facts as outlined in the plea agreement, he stated that the agreement was essentially correct and that he was prepared to proceed with his guilty plea. Id. at 26, 29-30. At the conclusion of the hearing, the court determined that Mr. Beasley was fully competent, that the plea was voluntary, and that the plea was supported by the facts. Id. at 32. The court then deferred acceptance of the plea until the presentence investigation report was prepared. Id.

In October 1995, Mr. Beasley requested and was appointed new counsel, and the next month he filed a motion to withdraw his plea pursuant to Fed. R. Crim. P. 32(d).[2] Mr. Beasley did not, nor does he now, contend that any part of the required Rule 11 colloquy was deficient. Instead, he alleged that his plea was not voluntary because he had been pressured by his counsel and had received ineffective assistance of counsel and that his counsel had incorrectly advised him of the probable sentence range, constituting a fair and just reason for withdrawal. In December 1995, after a hearing, the district court denied the motion, and then, in March 1997, sentenced Mr. Beasley to 360 months' imprisonment.

_____

[2] Now rule 32(e) of the Federal Rules of Criminal Procedure.

On appeal, Mr. Beasley asserts that because he was allegedly misled as to the sentence he would receive, the record below established a "fair and just reason" for withdrawal of his plea. In the alternative, he urges this court to adopt a rule whereby a defendant may withdraw a guilty plea at any time, and for any reason, prior to the district court's acceptance of that plea.

## II. DISCUSSION

### A.

As indicated above, Mr. Beasley does not argue that Rule 11 was violated in any respect, and he does not directly pursue the argument that he made in the district court that his plea was not intelligently and voluntarily entered. Rather, he asserts that he is entitled to withdrawal of his plea pursuant to the provisions of Fed. R. Crim. P. 32(e).

Rule 32(e) of the Federal Rules of Criminal Procedure provides that a district court may allow a defendant to withdraw his or her guilty plea before sentencing if he or she "shows any fair and just reason." Fed. R. Crim. P. 32(e). The defendant bears the burden of demonstrating a fair and just reason, based on the following considerations: "(1) defendant's assertion of innocence; (2) resulting prejudice to the government; (3) defendant's delay in filing the withdrawal motion; (4) inconvenience to the court; (5) defendant's assistance of

counsel; (6) knowledge and voluntariness of the plea; and (7) resulting waste of judicial resources." United States v. Graves, 106 F.3d 342, 343 (10th Cir. 1997).

The reason Mr. Beasley offers to justify withdrawal of his plea is that he was allegedly misled as to the potential sentencing consequences of his guilty plea (the functional equivalent to arguing an involuntary and unknowing plea). In particular, Mr. Beasley testified at the withdrawal hearing that his counsel had advised him that his criminal history category would probably be two or three and that he would probably receive a sentence of 135 months if he pled guilty and then cooperated with the government. R. Vol. 12 at 4-5. He testified that "now the presentence report says I'm a Category 5, and it's 292 months to 360 months." Id. He further testified,

> [I]f I would have knew [sic] the day that I signed this plea agreement, I would never in my life pleaded to no 360 months, if I would have known that this was the case, which I was led to believe that when I signed the plea agreement, I was signing the plea agreement for ten years with cooperation with the government. . . . That was the only purpose that I signed that plea agreement. If I would have known that I would be looking at a life term at my age of 36, I would have never signed that plea agreement, never.

Id. at 5.

It is apparent from the record, however, that both the plea agreement and the court clearly informed Mr. Beasley, prior to pleading guilty, what the sentencing range for this count would be. See R. Vol. 2, Tab 31 at 7; R. Vol. 9 at 14. The sentence he received was within that range. Mr. Beasley's real argument

-7-

with his guilty plea is not that the court or counsel failed to advise him as to the potential sentencing range, but that the sentence actually imposed is longer than he had hoped it would be.

A defendant's dissatisfaction with the length of his sentence generally is insufficient reason to withdraw a plea. United States v. Elias, 937 F.2d 1514, 1520 (10th Cir. 1991); Miles v. United States, 385 F.2d 541, 543-44 (10th Cir. 1967). Furthermore, although the general rule is that motions to withdraw guilty pleas before sentencing are to be freely allowed and treated with liberality, the decision is nevertheless within the sound discretion of the trial court, and we will not reverse absent a showing that the court acted "unjustly or unfairly." Graves, 106 F.3d at 343 (citation omitted). That is not the case here.[3]

**B.**

---

[3]We also acknowledge Mr. Beasley's four-month delay in moving to withdraw his plea. As we commented in United States v. Vidakovich, 911 F.2d 435 (10th Cir. 1990):

> A swift change of heart is itself strong indication that the plea was entered into in haste and confusion; furthermore, withdrawal shortly after the event will rarely prejudice the Government's legitimate interests. By contrast, if the defendant has long delayed his withdrawal motion, and has had the full benefit of competent counsel at all times, the reasons given to support withdrawal must have considerably more force.

Id. at 439-40 (quoting United States v. Barker, 514 F.2d 208, 222 (D.C. Cir. 1975)); see also United States v. Carr, 80 F.3d 413, 420 (10th Cir. 1996). Here, Mr. Beasley's arguments do not have that force.

Mr. Beasley separately argues that this court should adopt the rule that a guilty plea may be withdrawn at any time and for any reason, where, as here, the motion for withdrawal is made prior to the district court's acceptance of that plea. Appellant's Am. Br. at 4-5. In support of his argument, he cites United States v. Hyde, 92 F.3d 779 (9th Cir. 1996), which, as he acknowledges in his brief, was reversed by the Supreme Court.[4] See Appellant's Am. Br. at 5; United States v. Hyde, 117 S. Ct. 1630 (1997).

In Hyde, the Court held that a defendant who moves to withdraw a guilty plea after the plea had been accepted but before acceptance of the plea agreement must show a fair and just reason for doing so. Id. at 1633-35. Mr. Beasley attempts to distinguish Hyde on the grounds that it does not address the issue of withdrawal where the defendant has tendered the plea but the district court has not yet accepted it. He cites no other authority which directly supports this view, and we are unpersuaded. The requirements for taking and withdrawing guilty pleas are fully encompassed in Rules 11 and 32 and the case law construing those

---

[4]In his brief, Mr. Beasley asserts that in addition to the Ninth circuit, the First, Fifth, and Eighth circuits have also adopted the rule that a court must permit withdrawal of a guilty plea for any reason prior to the court's acceptance of that plea. See Appellant's Am. Br. at 5; see, e.g., United States v. Papaleo, 853 F.2d 16, 19 (1st Cir. 1988); United States v. Molina-Iguado, 894 F.2d 1452, 1456 (5th Cir. 1990); United States v. Ocanas, 628 F.2d 353, 358 (5th Cir. 1980); United States v. Walker, 927 F.2d 389, 390 (8th Cir. 1991); United States v. McGovern, 822 F.2d 739, 744 (8th Cir. 1987). However, these cases are all pre-Hyde and are all distinguishable.

rules, and we are disinclined to graft the contract principles of offer and acceptance into those requirements.

### III. CONCLUSION

For the reasons stated above, the judgement of the district court is AFFIRMED.

ENTERED FOR THE COURT

Stephen H. Anderson
Circuit Judge